In the Matter of the Estate of HANNAH M. LYDIG, Deceased.

Surrogate's Court, New York County, February 6, 1934.

*Stewart & Shearer*, for the United States Trust Company of New York, as executor, etc., of deceased.

*Abram Glaser*, special guardian for infants Julia Dorothea McIlvaine and another, appellants.

*Henry B. Closson*, for Elizabeth Ellen Richardson and others, appellants.

*Joseph Potts* [*Joseph M. Proskauer* and *Elihu Root, Jr.*, of counsel], for Tompkins McIlvaine and others, appellants.

*Evarts, Choate, Sherman & Leon*, for Edward P. and Mary P. Beckwith, as executors, etc., respondents.

*Winthrop, Stimson, Putnam & Roberts*, for Lenox Library Association, respondent.

*Harrison, Elliott & Byrd*, for the Society of St. Johnland and others, respondents.

*Barry, Wainwright, Thacher & Symmers*, for The American Society for the Prevention of Cruelty to Animals, respondent.

*Gerald Donovan*, for The New York Society for the Prevention of Cruelty to Children, respondent.

*Jackson, Fuller, Nash & Brophy*, for the St. Luke's Home for Aged Women, respondent.

*George H. Fox*, for St. Mary's Hospital for Children, Inc., and another, respondents.

*George N. Whittlesey*, for the Children's Aid Society, respondent.

*Milbank, Tweed, Hope & Webb*, for the New York Association for Improving the Condition of the Poor, respondent.

*King, Barr & Robbins,* for the St. Luke's Hospital in the City of New York, respondent.

*Walter W. Law,* for the Little Missionary's Day Nursery, respondent.

*Butler, Wyckoff & Reid,* for the Stuyvesant Square Hospital, etc., respondent.

*Sage & Schoonmaker,* for the Young Men's Christian Association of the City of New York, respondent.

*Curtis, Fosdick & Belknap,* for the Young Women's Christian Association of the City of New York, respondent.

*Zabriskie, Sage, Gray & Todd,* for the Prison Association of New York, respondent.

*Olvany, Eisner & Donnelly,* for the Honor Emergency Fund of The Fire Department of the City of New York, respondent.

FOLEY, S. In this proceeding to construe the will, certain attorneys have applied for allowances pursuant to section 278 of the Surrogate's Court Act for services rendered by them upon the appeal from the Appellate Division to the Court of Appeals. Notice has likewise been given by various attorneys in the proceeding that if allowances be granted to any attorney, they will apply for similar relief. The applications are denied as a matter of law.

Allowances to the attorneys were heretofore made under section 278 of the Surrogate's Court Act in my original decree construing the will. From that decree an appeal was taken to the Appellate Division. After affirmance (*Matter of Lydig,* 238 App. Div. 830), requests for allowances were made for the services upon the appeal to the Appellate Division from the original decree. Such applications were denied by me because of the lack of statutory authority (*Matter of Lydig,* 149 Misc. 598). No appeal was taken from the order on remittitur which, in effect, denied such allowances. It is now claimed that the recent decision of Surrogate SLATER in *Matter of Watson* (149 Misc. 235) supplies reason for a change of my prior determination, and that allowances should be made to counsel participating in the construction proceeding for services rendered upon appeal. I have considered carefully the opinion of the learned surrogate, but see no reason to change my original interpretation of the limitation upon the power of the court. The Legislature, by the amendment of 1925, permitted an allowance to an executor, administrator, guardian or trustee of reasonable counsel fees and expenses necessarily incurred upon an appeal. In 1928, section 278 of the Surrogate's Court Act was

again amended to permit an allowance of counsel fees and expenses in such amount as the surrogate deemed reasonable in a construction proceeding.

The existing provisions of the section respecting allowances for counsel fees to the representative of the estate *after appeal* were re-enacted. It is significant that the words " after appeal " were not repeated in the new sentence added by the amendment of 1928. Until the Legislature expressly authorizes allowances to attorneys (other than the attorney for the representative of the estate) in construction proceedings for services rendered *upon appeal,* the estate should not be depleted, nor the beneficiaries be compelled to pay such allowances under a doubtful construction of the section.

I hold that the provisions of the section still limit allowances to be made for services on appeal to attorneys for the representative of the estate, or to a special guardian. (*Matter of Hidden,* 243 N. Y. 499, 517.)

Costs taxed. Insert appropriate amounts in the order on remittitur and resubmit the same for signature.